UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GREGORY THOMAS,

                         Plaintiff,

        - against -                                5:08-CV-318

JAMES O'BRIEN, SYRACUSE POLICE OFFICER,
OFFICER DADEY, OFFICER CUNNINGHAM,
SGT. RATHBUN,

                         Defendants.
_____

**APPEARANCES:**                           **OF COUNSEL:**

Gregory Thomas
Reg. No. 133-66052
U.S. Penitentiary
P.O. Box 1000
Lewisburg, Pennsylvania 17837
*Plaintiff, Pro Se*

RORY A. McMAHON, CORPORATION COUNSEL    Mary Anne Doherty, Esq.
CITY OF SYRACUSE                                Ass't Corporation Counsel
300 City Hall
Syracuse, New York 13202
*Counsel for Defendants*

**Norman A. Mordue, Chief U.S. District Judge**

### MEMORANDUM-DECISION AND ORDER

      The Court having reviewed defendants' motion to dismiss plaintiff's amended complaint and having accepted all factual allegations in the amended complaint[1] as true as required on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the Court has determined that plaintiff has stated

---

[1] Defendants argue that plaintiff's amended complaint, filed June 2, 2008, should be dismissed because it was not filed in accordance with the Court's April 30, 2008, order which directed plaintiff to file an amended complaint within thirty (30) days. However, by Order dated June 18, 2008, the Court accepted plaintiff's amended complaint for filing and service and determined it was compliant with the April 30, 2008, Order.

adequately claims for unlawful search and seizure, false arrest and excessive force in violation of the Fourth Amendment[2], as well as a claim for denial of his right of equal protection also arising under 42 U.S.C. § 1983 based on alleged racial animus by defendants in initiating and executing plaintiff's arrest.  Plaintiff's claim for unlawful seizure and deprivation of property is most adequately characterized as a claim for denial of due process rights under 42 U.S.C. § 1983 and the Court finds that plaintiff's amended complaint sets forth in sufficient detail his claim for denial of due process rights.

The Court finds that plaintiff's claim under the Eighth Amendment for cruel and unusual punishment is unfounded since he was not a convicted inmate in custody at the time of the events alleged in the complaint.  Finally, the Court agrees with defendants' contention that plaintiff's claim for punitive damages against defendants in their official capacities as City of Syracuse police officers must be dismissed although plaintiff may still pursue punitive damages against defendants to the extent his amended complaint may be interpreted to assert such claims against defendants in thir individual capacities.

Based thereupon, it is hereby

ORDERED that defendants' motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Eighth Amendment claim for cruel and unusual punishment in plaintiff's amended complaint is GRANTED; and it is further

ORDERED that defendants' motion to dismiss plaintiff's claim for punitive damages against defendants in their official capacities as City of Syracuse police officers in the amended

---

[2] Plaintiff references 42 U.S.C. § 1981 as the jurisdictional basis for these claims but the Court assumes he intended to reference 42 U.S.C. § 1983 since the former section relates solely to matters of racial discrimination in employment.

complaint is also GRANTED; and it is further

ORDERED that the balance of defendants' motion to dismiss the balance of plaintiff's amended complaint is DENIED.

IT IS SO ORDERED.

Dated: March 27, 2009
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge